IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH E. CAPOGRECO,

    Plaintiff,                              No. 2:11-cv-3218 MCE EFB P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.                       <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

**I.    Background**

        On April 17, 2012, the court dismissed plaintiff's complaint for failure to state a cognizable claim and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Dckt. No. 8. After plaintiff failed to respond to that order, the undersigned recommended that this action be dismissed for failure to prosecute and failure to state a claim. Dckt. No. 11. On June 14, 2012, plaintiff objected to the findings and recommendations and stated that he had never received the court's April 17, 2012 order. Dckt. No. 13. After the Clerk of the Court

re-served the April 17, 2012 order on plaintiff, the court granted plaintiff another 30 days to comply with the April 17th order. Dckt. No. 14. Thereafter, plaintiff timely filed an amended complaint. Dckt. No. 16. Accordingly, the court vacates the June 6, 2012 findings and recommendations and screens the amended complaint pursuant to 28 U.S.C. § 1915A.

**II.     Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In the amended complaint, plaintiff alleges that the prison's law library is so inadequate that it deprives him of due process and access to the courts. He further alleges that he does not receive responses to his administrative appeals or that they are improperly screened out. *See* Am. Compl. ("Dckt. No. 16"). In its initial screening order the court informed plaintiff that such bare allegations failed to state a cognizable claim:

> In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
>
> Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.
>
> * * *
>
> The complaint alleges that plaintiff's right of access to the courts has been violated because High Desert State Prison has an inadequate law library. The complaint also alleges that defendant McDonald, the warden, is responsible for the inadequate library because he approves budgets and the allocation of

2

1  resources. The complaint also alleges defendant Kraft is responsible for the inadequate library because it is his responsibility to properly equip the library, and that defendant Plainer is somehow responsible as well.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). An inmate alleging a violation of this right must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and thus, "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. Plaintiff fails to plead facts sufficient to state a claim that any defendant denied him access to the courts.

\* \* \*

The complaint alleges that administrative appeals are improperly screened out by the appeals coordinator. To the extent plaintiff intends to impose liability against any defendant based on his or her handling of plaintiff's administrative appeals, plaintiff is hereby informed that there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Dckt. No. 8 at 2, 3, 5-6. *See also Morris v. CDC*, Case No. 2:10-cv-1576 DAD P, 2012 U.S. Dist. LEXIS 99327, at \*7-8 (E.D. Cal. July 17, 2012) ("[P]rison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner." (citing cases)). Plaintiff's amended complaint does not cure these deficiencies and thus, fails to state a claim upon which relief may be granted.

////

////

Despite an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief, and further leave to amend appears futile. Accordingly, the court should dismiss the amended complaint without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

**III.     Order & Recommendation**

Accordingly, IT IS HEREBY ORDERED that the June 6, 2012 findings and recommendations are vacated.

Further, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be dismissed for failure to state a claim and that the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE